Filed 12/21/23  P. v. Brink CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SEAN BRINK,<br><br>    Defendant and Appellant. | B326981<br><br>(Los Angeles County<br>Super. Ct. No. BA507005) |

THE COURT:

Sean Brink appeals an order denying his motion to suppress evidence following the entry of a plea of no contest to one count of possession of a firearm by a felon in violation of Penal Code[1] section 29800, subdivision (a)(1).  (§ 1538.5, subd. (m); California Rules of Court, rule 8.304(b)(2)(A).)  We appointed counsel to represent Brink on appeal.  After examination of the

---

[1] Undesignated statutory references are to the Penal Code.

record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

## BACKGROUND

On July 7, 2022, Los Angeles Police Officer Daniel Cardenas and his partner Officer Moran stopped appellant for riding a motorized scooter on the sidewalk in violation of the Vehicle Code. Officer Cardenas told appellant why he was being stopped and asked him to remove the backpack he was wearing. As appellant complied, the officer saw what he believed to be a pocketknife in appellant's back pocket. Officer Cardenas was acquainted with appellant from prior contacts and knew him to be an active member of a criminal street gang who had been armed with pocketknives in the past. For officer safety, Officer Cardenas removed the pocketknife from appellant's pocket and immediately determined it was an illegal switchblade. At that point, Officer Cardenas intended to arrest appellant.

While Officer Cardenas was securing the backpack and switchblade in the police vehicle, his partner patted appellant down for additional weapons. Officer Moran alerted Officer Cardenas that he felt something hard in appellant's right groin area. Appellant became agitated, and the officers placed him in handcuffs. As Officer Cardenas continued the pat down, he felt what he immediately recognized as the barrel of a firearm. Officer Cardenas then removed a loaded semi-automatic nine-millimeter handgun from appellant's pants.

An information charged appellant with one count of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 2), and unlawful possession of a dirk or dagger (§ 21310; count 3). As to all counts the information further alleged unsatisfactory

2

performance on supervision as an aggravating circumstance. Appellant was arraigned and pleaded not guilty.

Appellant filed a motion to suppress evidence. At the hearing on the motion, Officer Cardenas testified to the circumstances of the detention and discovery of the switchblade and loaded firearm. Defense counsel argued that the officers lacked a reasonable suspicion that appellant had committed a Vehicle Code violation by riding a motorized scooter on the sidewalk because he may have been lawfully entering or exiting a parking lot. Defense counsel further argued that Officer Cardenas had no grounds to suspect appellant was armed and dangerous: the pocketknife was not in plain view, the officer did not know it was an illegal switchblade until he unlawfully removed it from appellant's pocket, and appellant's mere possession of a pocketknife did not establish he presented a present danger to the officers or supply sufficient grounds for a pat-down search.

The trial court denied the motion to suppress. Finding no evidence that appellant was doing anything other than illegally riding a motorized scooter on the sidewalk, the court rejected the defense argument that appellant could have been riding on the sidewalk to lawfully enter or exit an adjacent strip mall, and determined that the initial detention was valid. The court also found that Officer Cardenas had a reasonable suspicion that appellant might be armed and dangerous, based on his prior contacts with appellant and knowledge that appellant was a gang member who frequently carried a knife on his person. This history, together with the fact that Officer Cardenas saw what he believed to be a pocketknife in appellant's pocket, justified confiscation of the knife. Regardless of whether the knife was an

ordinary pocketknife or an illegal switchblade, the seizure of the knife supported the officer's suspicion that appellant possessed other weapons, which in turn justified the pat-down search.

On November 29, 2022, appellant pleaded no contest to count 1 (felon in possession of a firearm, § 29800, subd. (a)(1)). In accordance with the plea agreement, the trial court dismissed the remaining counts and allegations, suspended imposition of sentence, and placed appellant on probation for two years. Brink filed a timely notice of appeal based on the denial of his motion to suppress evidence.

## DISCUSSION

Based on our examination of the entire record we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment entered following appellant's entry of a plea of no contest is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

4